## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JON D. LONG, | ) |
| | ) |
|           Petitioner, | ) |
| | ) |
| v. | )   No. CIV-22-09-R |
| | ) |
| SCOTT NUNN, Warden, | ) |
| | ) |
|           Respondent. | ) |

## ORDER

Before the Court is Magistrate Judge Gary M. Purcell's Report and Recommendation issued pursuant to 28 U.S.C. § 636(b)(1)(B) & (C). Doc. No. 10. Judge Purcell reasons the Court should dismiss Mr. Long's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus because Petitioner has failed to exhaust his claims in state court. Mr. Long has timely filed his Objection [Doc. No. 11], and the matter is ripe for decision. On *de novo* review, the Court ADOPTS the Report and Recommendation and DISMISSES the petition.

Petitioner asserts that as a Native American who committed his underlying crimes in Indian Country, the State of Oklahoma did not have jurisdiction to try and convict him pursuant to *McGirt v. State of Oklahoma*, ___ U.S. ___, 140 S. Ct. 2452 (2020). Doc. No. 1 at 5–9. Judge Purcell reasons that Mr. Long has failed to exhaust his state court remedies under Okla. Stat. tit. 22, § 1080(b) (authorizing a prisoner previously convicted of and sentenced for a crime to raise a jurisdictional challenge to his conviction). Doc. No. 10 at 4. Additionally, the Report and Recommendation cites Petitioner's right in Oklahoma state

court to bring a writ of habeas corpus to seek release for unconstitutional confinement. *Id*. (citing Okla. Stat. tit. 12 § 1331; *State v. Powell*, 237 P.3d 779, 780 (Okla. 2010); and *Crank v. Jenks*, 224 F. App'x 838, 839 (10th Cir. 2007). Because Mr. Long has not exhausted his state remedies, Judge Purcell concludes the Court should dismiss the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases (allowing courts to summarily dismiss § 2254 petitions "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief . . . .").

Mr. Long objects that § 2254's exhaustion requirement does not apply to habeas petitions attacking state jurisdiction pursuant to *McGirt*, and that the state has no available corrective process for his claims. Doc. No. 11 at 6–9. The Court "rejects any contention that a § 2254 petition raising a jurisdictional claim is exempt from the exhaustion requirement." *Pitts v. Crow*, No. CIV-21-194-D, 2021 WL 2715966, at *1 (W.D. Okla. July 1, 2021). "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). However, Petitioner is still required to exhaust his state court remedies before asserting such a claim pursuant to § 2254. *See Pitts*, No. CIV-21-194-D, 2021 WL 2715966, at *1. Mr. Long has never presented his claims to Oklahoma state court, nor has he demonstrated the futility of such state law remedies. Therefore, he is barred from pursuing a § 2254 remedy in this Court until he has done so.

For the reasons set forth above, the Court ADOPTS the Report and Recommendation, and DISMISSES the Petition for Writ of Habeas Corpus for failure to exhaust state court remedies.

IT IS SO ORDERED this 15th day of February 2022.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE